NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-2152
_____

UNITED STATES OF AMERICA,

v.

RICKEY PHILLIPS,

Appellant

_____

Appeal from United States District Court
for the Eastern District of Pennsylvania
(Criminal Action No. 2-09-cr-00202-003)
District Judge: Honorable Jan E. DuBois

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on April 11, 2022

Before: AMBRO, SCIRICA, TRAXLER,* <u>Circuit Judges</u>

(Opinion filed: April 25, 2022)

_____

OPINION**

_____

_____

* Honorable William B. Traxler, Jr., Circuit Judge, United States Court of Appeals for the
Fourth Circuit, sitting by designation.

** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

AMBRO, Circuit Judge.

Rickey Phillips challenges an order modifying the conditions of his supervised release to require mental health treatment. But Phillips's attorney concluded any grounds for an appeal were frivolous. So she moved to withdraw and filed a brief in accord with *Anders v. California*, 386 U.S. 738, 744 (1967). Because we agree that the appeal lacks merit, we will grant counsel's request to withdraw and affirm the District Court's order.

**I.**

Phillips pled guilty in 2010 to conspiracy, Hobbs Act robbery, and carrying a firearm during a crime of violence. He completed his term of incarceration and began supervised release in early 2018. For the first three years of his release, Phillips was apparently doing well. But on April 5, 2021, in response to a concerning visit, his probation officer petitioned to modify the terms of Phillips's supervised release. The petition explained Phillips was "exhibiting behaviors that indicate[d] a need for a mental health assessment and possible treatment services." *Id*. at 23. Phillips's mother was present when he spoke to the probation officer, and she agreed that her son needed treatment. Phillips objected to the modification of his supervised release and requested a hearing.

At the June 2, 2021, hearing, Phillips greeted the judge by saying "[s]omebody told me you was dead, homie," and his comportment deteriorated from there. *Id*. at 27. He proceeded to make rambling and disjointed statements indicating he was distressed and not fully aware of what was happening. For example, when the Court invited Phillips to explain his position, he responded, "Now listen, check yourself, y'all see me in

2

the woods fighting a bear, pour honey on me, help the bear. Get out my way. Don't say nothing to me but here as if I'm dead." *Id*. at 33. Later he stated,

> Y'all need a psychological evaluation. Y'all the bullies.
> Y'all need it. Y'all picking on me. I'm telling y'all don't
> bother me, and here we go. Bro, I don't eat that. Eat it, eat it.
> I don't—I'm not hungry. Eat it, eat it, eat it, eat it, eat it, eat
> it. I don't want it, homes. Am I crazy? Does that sound
> crazy to you?

*Id*. at 41–42. By the end of the hearing, Phillips was very agitated and was no longer participating in an orderly way; his parole officer described him as "in crisis at [that] moment" and noted it was "the worst I've seen him." *Id.* at 44. The District Court was forced to issue its ruling over Phillips's continued outburst.

Based on Phillips's behavior at the hearing, the Court ordered him to be taken to the Mercer Hall Crisis Response Center in Philadelphia for immediate treatment and that, on his release, Phillips's supervised release terms would be amended to require participation in a mental health treatment program. Phillips objected and appealed. But his counsel reviewed the record and determined the appeal was frivolous. Accordingly, she moved to withdraw and filed an *Anders* brief. The Government agrees the appeal is frivolous. Phillips did not file a *pro se* response.

## II.

When, after reviewing a district court record, a criminal defendant's counsel is persuaded that a direct appeal "presents no issue of even arguable merit," Third Circuit Local Appellate Rule (L.A.R.) 109.2(a) permits her to move to withdraw and file a supporting *Anders* brief explaining why that is so. *See United States v. Youla*, 241 F.3d

296, 300 (3d Cir. 2001).  If we agree "the appeal is without merit, [we] will grant counsel's *Anders* motion, and dispose of the appeal without appointing new counsel." L.A.R. 109.2.  When considering such a motion, our inquiry is twofold: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues."  *Youla*, 241 F.3d at 300.  The first prong of the *Anders* inquiry is satisfied if counsel "thoroughly examined the record in search of appealable issues" and "explain[ed] why the issues are frivolous."  *Id.*  And when undertaking the second prong of the analysis, if counsel's brief appears facially adequate, we may use it to guide our independent review of the record.  *See id.* at 301.

Here, counsel undertook a thorough examination of the record, and her *Anders* brief identifies no appealable issues of arguable merit.  As the *Anders* brief explains, the District Court had authority to modify the terms of Phillips's supervised release, *see* 18 U.S.C. §§ 3231, 3583(a), (e), and the hearing was procedurally sound, *see* Fed. R. Crim. P. 32.1(c).  Furthermore, there was support for the substance of the Court's order.  *See* 18 U.S.C. § 3583(d); U.S. Sent'g Guidelines Manual § 5D1.3(d) (U.S. Sent'g Comm'n 2018); *see also United States v. Miller*, 594 F.3d 172, 184 (3d Cir. 2010) ("We have consistently required that district courts explain and justify conditions of supervised release.").  The Court explained in its written order that Phillips "appeared to be in crisis during the hearing," and this finding is amply supported by the record.  App. at 3. Indeed, Phillips was taken directly to a crisis center from the hearing.  And while we have held that a court may not delegate to the probation office the decision of whether a defendant must participate in mental health programming, here the District Court's order

4

permissibly directed the United States Probation Office to implement court-mandated treatment. *See United States v. Heckman*, 592 F.3d 400, 410–411 (3d Cir. 2010) (holding courts may "delegate[e] to the probation office[] . . . the selection and schedule of the defendant's mental health treatment program").

We also conducted our own independent review of the record and likewise cannot identify any nonfrivolous grounds for granting Phillips's request. The Court's order was not an abuse of discussion. *See United States v. Murray*, 692 F.3d 273, 278 (3d Cir. 2012) (explaining we review challenges to modifications of terms of supervised release for abuse of discretion).

* * * * *

For these reasons, we grant counsel's motion to withdraw according to *Anders* and affirm the District Court's modification of supervised release.